FEBRUARY TERM, 1903.        119

*40 Vroom.*                O'Reilly v. Penna. R. R. Co.

BRIDGET O'REILLY, APPELLANT, v. THE PENNSYLVANIA
RAILROAD COMPANY.

Submitted December 10, 1902—Decided February 24, 1903.

Rule 58 of the defendant's relief department reads as follows:
"Should a member, or his legal representative, make claim or
bring suit against the company or against any other corporation
which may be at the time associated therewith in administration
of the relief departments in accordance with the terms set forth
in regulation No. 6, for damages on account of injury or death
of such member, payment of benefits from the relief fund on
account of the same shall not be made until such claim shall be
withdrawn or suit discontinued. Any compromise of such claim
or suit, or *judgment* in such suit, shall preclude any claim upon
the relief fund for benefits on account of such injury or death,
and the acceptance of benefits from the relief fund by a member or
his beneficiary or beneficiaries on account of injury or death shall
operate as a release and satisfaction of claims against the com-
pany and any and all the corporations associated therewith in
the administration of the relief departments for damages received
from such injury or death." *Held,* that the judgment intended
by that rule is a judgment awarding the plaintiff some damages.

On appeal from the District Court of the city of Trenton.

Before Justices DIXON and HENDRICKSON.

For the plaintiff, *James L. Kelly* and *Clarence S. Biddle.*

For the defendant, *Charles E. Gummere* and *Alan H.
Strong.*

The opinion of the court was delivered by

DIXON, J.  Thomas O'Reilly was killed on January 18th,
1899, while in the performance of his duties as an employe
of the defendant company.  At that time he was a member of
the relief department of the company.  Afterwards his admin-
istratrix, the plaintiff here, brought an action against the
company to recover damages under our Death act, but on

demurrer to her declaration final judgment was rendered for the defendant. Afterwards she brought the present suit to recover $250, claimed to be due as benefits under the rules of the relief department, and the defendant insists that the judgment above mentioned bars her claim, by force of rule 58, which is recited at the head of this opinion.

The question for decision is whether a judgment on demurrer is the kind of judgment intended by that rule.

We think it is not.

The meaning plainly expressed in every clause of this rule, except that now under consideration, is that the employe injured and the representatives of an employe killed shall not receive both compensation for the injury or death and benefits from the relief department, and to effectuate this purpose it is declared that a claim for compensation shall suspend a claim for benefits and the satisfaction of either claim shall discharge the other. Among these clauses is that now to be construed, namely, "Any compromise of such claim or suit (for compensation), or judgment in such suit, shall preclude any claim upon the relief fund." Here the judgment intended is coupled with a compromise of the claim or suit, and a compromise implies, not a total defeat of the claim, but an adjustment which gives the claimant at least part of his claim, an adjustment in which the parties agree upon the sum to be paid. Bearing in mind the general purpose of the regulation and this collocation of compromise and judgment, we think the judgment intended is one by which the claimant recovers some compensation for the loss alleged, and not one which turns on the mere form of pleading.

The judgment of the District Court to the contrary should be reversed, and the record remitted to that court for a new trial.